State of Oklahoma
Caddo Co.
FILED

JUN 1 8 2021

At_____O'Clock_____M.
PATTI BARGER, Court Clerk
By E. Young  Deputy

IN THE DISTRICT COURT OF CADDO COUNTY
STATE OF OKLAHOMA

JODI CROSS, as Personal Representative )
of the Estate of RAE ANNE DARROW, )
Deceased, )
 )
        Plaintiff, ) Case No.: CJ - 2147
 )
v. )
 )
TIMOTHY CLEMONS, )
WERNER ENTERPRISES, INC., and )
MICHAEL DENNIS PECK, )
 )
        Defendants. )

## PETITION

Plaintiff Jodi Cross ("Plaintiff"), as Personal Representative of the Estate of Rae Anne Darrow, Deceased, for her claims against Defendants, alleges and states as follows:

### JURSIDICTION AND VENUE

1. At the time of her death, Rae Darrow ("Ms. Darrow") was a citizen of the State of Oklahoma.

2. Defendant Timothy Clemons ("Clemons") is a citizen of the State of Arizona and an employee of Werner Enterprises, Inc.

3. Defendant Werner Enterprises, Inc. ("Werner") is a foreign corporation headquartered in the State of Nebraska.

4. Defendant Michael Dennis Peck ("Peck") is a citizen of the State of Oklahoma and a resident of Blaine County.

5. The motor vehicle collision giving rise to this action occurred in Caddo County, Oklahoma.

6. Venue is proper under 12 O.S. § 141.

**EXHIBIT 2**

## FACTUAL BACKGROUND

7. On or about March 9, 2020, Peck was driving eastbound on Interstate 40 near Hinton, Caddo County, Oklahoma, hauling a trailer behind his F-350 pickup truck, when his vehicle's transfer case came off his truck. The transfer case entered the roadway, causing the vehicle following Peck to strike it. That vehicle caught on fire and was disabled in the roadway, blocking eastbound traffic.

8. As a result of the blocked Interstate, vehicles were backed up in traffic as far away as approximately one mile west of the wreck. Ms. Darrow was also heading eastbound on Interstate 40 near Hinton, Caddo County, Oklahoma, and as she approached the stopped traffic, she slowed her vehicle to a stop at the back of the line of vehicles.

9. Clemons, an employee of Werner, was traveling eastbound on Interstate 40 when he approached the stopped traffic at a rate of speed too high for the traffic conditions. Despite Clemons only having driven for approximately three and one-half hours that day, there being no hills or other natural obstructions to his vision, the sun being to his back, and the line of stopped vehicles in front of him having their brake lights illuminated, Clemons failed to apply the brakes or swerve out of the way before colliding into Ms. Darrow's vehicle.

10. Clemons crashed into the back of Ms. Darrow's vehicle, causing it to violently rotate, exit the roadway, and come to a rest on the driver's side in the median against the cable barrier.

11. The Hinton Fire Department traveled eastbound on Interstate 40 initially responding to the car fire that resulted from the first wreck. At approximately 5:15 p.m., the Hinton Fire Department arrived on the scene of the collision between Clemons and Ms. Darrow.

12. Ms. Darrow was pinned inside her vehicle for approximately fifteen minutes before first responders could get her out.

13. Ms. Darrow was then taken via ambulance to OU Medical Center in Oklahoma City, Oklahoma, where she succumbed to her injuries on March 16, 2020.

### CLAIM AGAINST MICHAEL DENNIS PECK

### COUNT I: NEGLIGENCE

14. Plaintiff fully incorporates each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

15. Peck negligently operated his motor vehicle by failing to properly maintain his vehicle in a reasonable manner. Peck's failure to maintain his vehicle allowed the transfer case to become loose, fall off, and enter the roadway. Peck's negligent acts and omissions created hazardous roadway conditions which led to Clemons' semi-truck crashing into Ms. Darrow's vehicle.

16. Peck knew or should have known that his negligent acts were a foreseeable threat to the safety of other motorists.

17. As a result of Peck's negligence, Ms. Darrow was injured and died due to her injuries, thereby resulting in her estate and family to suffer damages in an amount exceeding seventy-five thousand dollars ($75,000.00).

### CLAIMS AGAINST TIMOTHY CLEMONS

### COUNT I: NEGLIGENCE / NEGLIGENCE PER SE / RECKLESS CONDUCT

18. Plaintiff fully incorporates each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

19. Clemons negligently and/or recklessly operated his semi-truck by failing to apply the brakes to slow the vehicle down as he was approaching stopped traffic, and by not attempting to swerve into the other lane out of the way until it was too late.

20. Clemons' negligent and/or reckless acts and omissions were a contributing cause of his collision with Ms. Darrow's vehicle, which caused her injuries and eventual death.

21. Clemons knew or should have known that his negligent/reckless acts were a foreseeable threat to other motorists on the highway.

22. Ms. Darrow's injuries, eventual death, and the damage to her vehicle were directly and proximately caused by Clemons' negligent/reckless acts.

23. Clemons' actions were negligent *per se*, in that they were in direct violation of local, state, and/or federal law.

24. Clemons' actions were unreasonable under the circumstances and created a high probability that the actions would cause serious harm or death to another.

25. Ms. Darrow did not cause or contribute to the collision in any way whatsoever.

26. As a result of Clemons' negligent/reckless acts, Ms. Darrow was injured and died due to her injuries, thereby resulting in her estate and family to suffer damages in an amount exceeding seventy-five thousand dollars ($75,000.00), including punitive damages.

## COUNT II: WRONGFUL DEATH

27. Plaintiff fully incorporates each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

28. Clemons knew, or should have known, there was a high probability his conduct would cause serious bodily injury or death to others like Ms. Darrow.

29. Clemons acted in reckless disregard of the life of Ms. Darrow.

30. As a proximate result of Clemons' negligent, reckless and/or intentional conduct, Ms. Darrow died, and Plaintiff suffered as a result. Plaintiff is entitled to damages for Ms. Darrow's medical expenses, burial expenses, the pecuniary loss to Ms. Darrow's survivors, and the grief, loss of companionship and mental anguish of Plaintiff, all as set forth in 12 O.S. § 1053.

## CLAIMS AGAINST WERNER ENTERPRISES, INC.

### COUNT I: RESPONDEAT SUPERIOR

31. Plaintiff fully incorporates each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

32. At the time of the collision, Clemons was driving on behalf of, acting as an agent and/or servant, and/or on a mission working as a truck driver and hauling goods and performing services on behalf of Werner. Werner is liable for Clemons' negligent/reckless acts and omissions, as described above, at all times during his operation of the semi-truck under the principle of *respondeat superior*.

33. As a result of these negligent/reckless acts, Ms. Darrow was injured and died due to those injuries, thereby resulting in her estate and family to suffer damages in an amount exceeding seventy-five thousand dollars ($75,000.00), including punitive damages.

### COUNT II: NEGLIGENT ENTRUSTMENT

34. Plaintiff fully incorporates each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

35. Werner owned, possessed, and/or controlled the semi-truck Clemons was driving.

36. Werner has a duty to ensure that the person(s) driving vehicles on its behalf are qualified, safe drivers and are properly trained to operate vehicles it entrusts them to drive on public roadways.

37. Werner has a pattern and practice of entrusting its vehicles to unqualified, unsafe, and/or untrained or poorly trained drivers.

38. Werner's practices risk damaging property and risk serious bodily injury and death to people.

39. Werner breached its duty by entrusting the semi-truck to Clemons, who was not qualified, safe, and/or properly trained.

40. Werner recklessly disregarded the rights of others and/or acted or failed to act intentionally and with malice, which put human lives in danger.

41. As a direct and proximate result of Werner's acts and omissions, Ms. Darrow was injured and died due to her injuries, and as a result her estate and family have suffered damages in an amount exceeding seventy-five thousand dollars ($75,000.00), including punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jodi Cross, as personal representative of the Estate of Rae Anne Darrow, Deceased, prays for judgment against Defendants Timothy Clemons, Werner Enterprises, Inc., and Michael Dennis Peck in an amount in excess of seventy-five thousand dollars ($75,000.00) for actual and punitive damages, plus costs, interest, attorney fees, and any other relief this Court deems just, equitable and proper.

Respectfully submitted,

/s/ Reggie N. Whitten
_____
Reggie N. Whitten, OBA No. 9576
Michael Burrage, OBA No. 1350
J. Revell Parrish, OBA No. 30205
Jesse S. Ogle, OBA No. 34275
WHITTEN BURRAGE
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone:   (405) 516-7800
Facsimile:   (405) 516-7859
Email:       rwhitten@whittenburragelaw.com
             mburrage@whittenburragelaw.com
             rparrish@whittenburragelaw.com
             jogle@whittenburragelaw.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**