# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JODI CROSS, as Personal Representative of the Estate of RAE ANNE DARROW, Deceased,<br><br>Plaintiff,<br>v.<br><br>TIMOTHY CLEMONS, WERNER ENTERPRISES, INC., and MICHAEL DENNIS PECK,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-21-00743-PRW<br>)<br>)<br>)<br>)<br>) |

## ORDER

On March 9, 2020, Defendant Michael Dennis Peck was driving on Interstate 40 near Hilton, Oklahoma. Due to Defendant Peck's alleged failure to properly maintain his truck, his vehicle transfer case came loose and fell off while driving. The vehicle behind him struck it and caught fire, causing a backup on the highway. Rae Anne Darrow ("Decedent") slowed her vehicle as she approached the scene and was subsequently rear-ended by Defendant Timothy Clemons, an employee of Defendant Werner Enterprises, Inc. ("Werner"). Decedent suffered injuries as result.

Plaintiff, Jodi Cross, who is the personal representative of Decedent's estate, brought suit in the District Court of Caddo County, alleging negligence claims against Defendant Peck and Defendant Clemons and *respondeat superior* and negligence entrustment claims against Defendant Werner. The Parties are not completely diverse—while Defendant Werner is a citizen of Nebraska and Defendant Clemons is a citizen of Arizona, Decedent (at the time of death) and Defendant Peck were citizens of Oklahoma.

1

Nevertheless, Defendant Werner invoked federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) to remove this case to federal court.

Now, Plaintiff moves to remand to state court, arguing that there is no federal jurisdiction because Defendant Peck is not diverse. She also requests she be awarded fees and costs associated with the removal and requested remand. Defendant Werner argues, in response, that this Court may exercise its diversity jurisdiction despite the presence of a non-diverse defendant because joinder of that defendant was fraudulent, meant solely to deprive this Court of jurisdiction. Defendant Werner further argues that Plaintiff is not entitled to fees and costs.

For the reasons set forth below, Plaintiff's Motion to Remand (Dkt. 8) is **GRANTED** with respect to the request for remand but is **DENIED** with respect to the request for fees and costs.

### *Legal Standard*

Typically, a defendant may remove a justiciable civil action from state to federal court pursuant to the federal court's grant of jurisdiction under 28 U.S.C. § 1332(a)(1) only when that defendant establishes both the jurisdictional minimum amount in controversy and the complete diversity of all plaintiffs relative to all defendants.[1] But where a plaintiff joins a non-diverse defendant solely to defeat federal diversity jurisdiction, the federal court can nevertheless exercise jurisdiction under the "fraudulent joinder" doctrine.[2] The

---

[1] *See* 28 U.S.C. § 1441(a).

[2] *See generally* 13F Fed. Prac. & Proc. Juris. § 3641.1 (3d ed.); 32A Am. Jur. 2d. Federal Courts § 746.

fraudulent joinder doctrine allows a defendant to remove an action from state to federal court pursuant to the federal court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1) despite the presence of a non-diverse defendant when the defendant seeking removal shows either "(1) actual fraud in the pleading of jurisdictional facts," or, as is more common, "(2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[3] The Tenth Circuit has described this showing as "a heavy burden,"[4] however, and has limited the fraudulent joinder doctrine to only the most egregious of circumstances.[5] In fact, the standard for showing fraudulent joinder is so stringent, due to the presumption in favor of a plaintiff's right to select their forum and join tortfeasors, [6] the presumption

---

[3] *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

[4] *Id.*

[5] *See Montano v. Allstate Indem.*, 2000 WL 525592, at *2 (10th Cir. 2000) ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–53 (3d Cir. 1992))); *accord Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (describing this "rigorous standard"); *Grancare, LLC v. Thrower By & Through Mills*, 889 F.3d 543, 549–50 (9th Cir. 2018) ("Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." (internal citations omitted)); *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011).

[6] *See Grancare*, 889 F.3d at 549–50 ("The relative stringency of the standard accords with the presumption against removal jurisdiction, under which we strictly construe the removal statute, and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." (internal citations omitted)); *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (This strict approach to fraudulent joinder "makes sense given the law that absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." (internal citations and quotation marks omitted)).

against the exercise of removal jurisdiction due to federalism concerns,[7] and the risk of a post-merits reversal for lack of jurisdiction that joinder may be considered legitimate even when the predicate claim would not survive on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[8]

For this reason, when considering whether an exercise of diversity jurisdiction pursuant to the fraudulent joinder doctrine is appropriate, the federal court resolves "all factual and legal issues . . . in favor of the plaintiff."[9] It follows, then, that even reliance on novel legal theories does not render joinder fraudulent.[10]

### *Discussion*

Defendant Werner argues that joinder of Defendant Peck is fraudulent because, in its view, Plaintiff is unable to establish a cause against Defendant Peck in state court. In

---

[7] Removal jurisdiction must be "construe[d] . . . strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)) ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined.").

[8] *See Montano*, 2000 WL 525592, at *2 (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–53 (3d Cir. 1992)) ("This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced."); *accord Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

[9] *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

[10] *See Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) ("Because all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists, a truly 'novel' issue . . . cannot be the basis for finding fraudulent joinder.").

particular, Defendant Werner argues that Plaintiff cannot establish the requisite proximate cause element of her negligence claim.[11] In its response to Plaintiff's motion to remand, Defendant Werner maintains that Defendant Peck's conduct, if negligent, was not a proximate cause of the collision and Decedent's injuries, but instead created "a condition by which injury simply may be possible."[12] In other words, Defendant Werner argues that, as a matter of law, the superseding cause of Decedent's injuries was, if anything, the alleged intervening negligence of Defendant Clemons, who collided into Decedent from the rear.[13] Consequently, according to Defendant Werner, Defendant Peck cannot be liable for the resulting injuries at issue here and therefore must have been fraudulently joined.

Plaintiff does not agree. She asserts that she can and in fact does state a viable negligence claim against Defendant Peck. At the very least, she insists the claim lodged at Defendant Peck survives the fraudulent joinder inquiry, as "reasonable people could certainly differ as to whether Peck's negligence in maintaining his vehicle proximately caused the injuries to [Decedent]."[14] According to Plaintiff, the cases cited by Defendant Werner that suggest otherwise are factually distinguishable or are otherwise "procedurally inopposite."[15]

---

[11] Notice of Removal (Dkt. 1) at 10.

[12] Def. Werner's Resp. in Opp. to Pl.'s Mot. to Remand (Dkt. 10) at 3.

[13] Notice of Removal (Dkt. 1) at 15.

[14] Pl.'s Mot. to Remand (Dkt. 8) at 8.

[15] Pl.'s Reply (Dkt. 12) at 3.

Upon review of the Parties' submissions, the Court concludes that Defendant Werner has not met its heavy burden of demonstrating that Defendant Peck was fraudulently joined to this action. Although the adequacy of the Plaintiff's negligence claim against Defendant Peck could be a thorny issue, it is not one that needs conclusive resolution at this stage. Fraudulent joinder requires a defendant to show, by clear and convincing evidence, that a claim is so flawed that recovery is impossible. The Court cannot say, resolving all disputed issues of fact and ambiguities in controlling law, that there is no way Plaintiff can state a viable negligence claim against Defendant Peck. Based on the limited facts presently before the Court, Defendant Peck may have been negligent, as Plaintiff suggests, by "failing to maintain his vehicle."[16] And Defendant Werner has failed to present clear and convincing evidence ruling out the possibility that such negligence was a proximate cause of Decedent's accident and injuries. Further, the question is not readily resolved by governing case law.[17] That there is at minimum a recognized dispute on this issue in the case law is a sufficient basis on which to conclude Plaintiff's claim against Defendant Peck survives this assessment.

---

[16] Pl.'s Mot. to Remand (Dkt. 8) at 2, 8, 10.

[17] *Bannister v. Town of Noble, Okl.*, 812 F.2d 1265, 1267–68 (10th Cir. 1987) ("Not every intervening cause will insulate the original negligent actor from liability. . . . If a causal factor is capable of combining or acting in concert with another act or omission to produce the injury, each negligent actor will be subject to liability for the harm that evolves.") (citations omitted); *Metropolitan Paving Co. v. Puckett,* 389 F.2d 1, 4 (10th Cir. 1968) ("Where there is a question as to whether an intervening act is the proximate cause of an injury to the exclusion of a prior wrongful act alleged to have merely created a condition, the question is ordinarily one of fact for determination by a jury.").

Accordingly, because Defendant Werner has failed to show that Defendant Peck's inclusion in this action constitutes a fraudulent joinder, Defendant Peck's non-diverse status bars removal of this action and remand is required. The Court therefore grants Plaintiff's request for remand.

The Court, however, denies Plaintiff's request for the fees and costs incurred in conjunction with her motion to remand. When a case is remanded to state court, the non-removing party may recover its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[18] "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."[19] In determining whether Plaintiff should recover attorney's fees and costs, the Court has considered the arguments asserted for remand and any responses thereto. At this juncture, the question of whether Plaintiff could state a negligence claim against Defendant Peck was not readily resolved in light of existing case law. Under these circumstances the Court thus finds that, while remand is required, an award of fees is not warranted.

*Conclusion*

Defendants are not completely diverse relative to Plaintiff. Moreover, for the reasons set forth above, Defendant Werner has failed to show that Defendant Peck was fraudulently joined such that the Court can ignore his citizenship for jurisdictional purposes. The Court therefore **GRANTS** Plaintiff's Motion to Remand (Dkt. 8) and

---

[18] 28 U.S.C. § 1447(c).

[19] *Martin v. Franklin Capital Corp.*, 546 U.S.132, 136 (2005).

remands this case back to the District Court of Caddo County. The Court, however, **DENIES** Plaintiff's request for fees and costs.

    **IT IS SO ORDERED** this 6th day of December 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE